IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2007 AUG 31 P 3: 11

| | |
|---|---|
| LINDA BEARD, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 2:07-CV-790-mht |
| | ) Plaintiff Demands Jury Trial |
| COLDWATER CREEK, INC., a foreign | ) |
| corporation licensed and doing business | ) |
| in Alabama, | ) |
|     Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff Linda Beard (hereinafter, "Beard"), by and through her attorney of record, and would show unto the Court as follows:

### JURISDICTION AND VENUE

1. Beard files this Complaint and invokes the jurisdiction of this Court under and by virtue of 42 U.S.C. § 12101, et seq., 28 U.S.C. § 1331, 28 U.S.C. § 2201, 28 U.S.C. § 2202, and 28 U.S.C. § 1337, the doctrine of supplemental jurisdiction to obtain declaratory relief and compensatory and punitive damages. Defendant violated Beard's rights as guaranteed by Federal law, more specifically the Americans with Disabilities Act.

2. The violations of Beard's rights as alleged herein occurred in Montgomery County, Alabama, and were committed within the Northern Division of the Middle District of the State of Alabama.

### PARTIES

3. Linda Beard (hereinafter, "Plaintiff") is over the age of 19 years, and is and at all times material hereto was a citizen of the United States and the State of Alabama, residing in

1

Montgomery County, Alabama.

4. Defendant Coldwater Creek, Inc. (hereinafter, "the employer") is, to the best of Plaintiff's knowledge and belief, an Idaho corporation sited in Montgomery County, Alabama. The employer is being sued for compensatory and punitive damages as Plaintiff's employer under the Americans with Disabilities Act.

## NATURE OF PROCEEDINGS

5. This is a proceeding for a judgment declaring the relative rights, responsibilities and liabilities of the parties, each to the other, and for injunctive and declaratory relief and compensatory and punitive damages for Plaintiff's suffering as a consequence of the wrongs alleged herein.

## FACTS

6. Plaintiff expressly adopts as if fully set forth herein the allegations in the foregoing paragraphs.

7. On or around June, 2003, Plaintiff was diagnosed with fibromyalgia and degenerative disc disease.

8. Plaintiff was employed on or around June, 2004, as a sales clerk by the employer at its 7256 Eastchase Parkway, Montgomery, Alabama location.

9. Plaintiff worked under the immediate supervision of Kim Curry (hereinafter, "Curry"). Curry is the Manager of the employer's Montgomery location and is the person who took unlawful employment actions and committed other wrongs against Plaintiff on the employer's behalf.

10. Curry is a member of upper management to the extent that she was empowered to hire,

fire, and discipline Plaintiff and to set her work schedule. Curry was the person who controlled the method and mode of Plaintiff's work.

11. In or around March 2006, Curry requested a letter from Plaintiff's physician explaining her disability.

12. On or around March 25, 2006, Plaintiff provided to Curry a letter from her physician explaining Plaintiff's disability. In addition, this letter requested reasonable accommodations because of Plaintiff's disability, more specifically for physical therapy due to her degenerative and / or herniated discs.

13. Immediately thereafter and instead of providing reasonable accommodations, Curry changed Plaintiff from the day to evening shift and reduced Plaintiff's hours from twenty (20) to five (5) per week.

14. On or around March 12, 2006, Plaintiff was diagnosed with breast cancer.

15. On or around June 6, 2006, Plaintiff against requested reasonable accommodations including more hours on weekends to facilitate her weekly doctor's visits. Immediately thereafter, Curry scheduled Plaintiff to work during the week and seldom on weekends.

16. On or around June 26, 2006, Plaintiff underwent surgery for her breast cancer and shortly thereafter began radiation therapy.

17. On or around July 20, 2006, Plaintiff met with Jan DeCosta (hereinafter, "DeCosta"), the employer's Regional District Manager. DeCosta told Plaintiff that if Plaintiff did not obey the attendance policy she would receive another warning.

18. On or around August 4, 2006, Plaintiff contacted DeCosta about Curry's refusal and / or failure to reasonably accommodate Plaintiff as a result of her radiation treatments.

DeCosta failed and / or refused to take any action regarding reasonable accommodations other than stating to Plaintiff that the employer may not be responsible for such accommodations.

19. Despite Curry's pervasively rude and hostile attitude toward Plaintiff, Plaintiff complied with Curry's work schedule. Over the next few weeks, Plaintiff worked despite being fatigued and sick and as a result thereof, was forced to cancel some of her radiation therapy treatments.

20. Plaintiff was hired as a sales clerk and despite her disability complied with the employer's schedule. Plaintiff was not hired to be an "on call" employee and was not being paid as such. However, on or around August 29, 2006, the employer called and demanded that Plaintiff come to work at 3:00 p.m. Plaintiff was unable to accommodate this schedule due to her disability and was terminated.

21. On or around October 13, 2006, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission complaining of the conduct herein described. On or around June 4, 2007, Plaintiff received a notice of right to sue and has initiated this lawsuit within 90 days thereof, thus satisfying all conditions precedent for this action.

22. Plaintiff has suffered loss of position and loss of income. She has suffered severe emotional distress and mental anguish, embarrassment, humiliation, and loss of enjoyment of living.

## CAUSES OF ACTION

23. As to each of the counts herein below set forth, Plaintiff expressly adopts as if fully set forth herein the allegations of the foregoing paragraphs.

## COUNT I – REASONABLE ACCOMMODATION VIOLATIONS
### Americans with Disabilities Act - 42 USC § 12101, et. seq.

24. Plaintiff was disabled in that she suffered from fibromyalgia, degenerative disc disorder, and breast cancer all of which substantially limited her activities including, but not limited to, performing manual tasks around the home, walking, breathing, and other essential capabilities necessary for working in a broad class of jobs, including her then present job.

25. At all times material hereto, Curry was acting for and on behalf of the employer, and her conduct was made possible by her position as the employer's Manager. Curry was a higher management official with the employer in that she was the Manager of the employer's Montgomery location.

26. Curry acted with malice and / or reckless indifference to Plaintiff's federally protected right to reasonable accommodations under the Americans with Disabilities Act. In addition, The employer failed to make a good faith attempt to comply with the Americans with Disabilities Act by failing to implement policies and procedures designed to prohibit such discrimination in the workplace.

27. Plaintiff was qualified for the position she held with the employer, more specifically she possessed the requisite skill and experience required for the job of sales clerk. Likewise, had Plaintiff not been disabled, she would have been capable of performing the essential functions of the sales clerk job with or without reasonable accommodations.

28. Plaintiff informed the employer of her disabilities and requested that the employer allow her to work certain shifts. The requested shifts would have permitted Plaintiff to perform

the essential functions of her job. However, the employer unreasonably refused to provide reasonable accommodations.

29. Plaintiff's disability was a substantial and / or motivating factor that prompted the employer to:

   a) reduce Plaintiff's weekly hours;

   b) schedule Plaintiff to work on days which she had radiation therapy and / or medical appointments; and

   c) terminate Plaintiff's employment.

30. Plaintiff has been injured and damaged as set forth hereinabove.

## COUNT II – DISPARATE TREATMENT VIOLATIONS
### Americans with Disabilities Act - 42 USC § 12101, et. seq.

31. Plaintiff specifically restates and reiterates herein the averments contained in paragraphs twenty-five (25) through thirty (30) of Count One as the same serves as proof of a cause of action based on Disparate Treatment under the Americans with Disabilities Act.

32. Plaintiff has been injured and damaged as set forth hereinabove.

### PRAYER FOR RELIEF

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff prays for relief as follows:

   a) Enter a declaratory judgment that the policies and practices complained of herein are unlawful and violative of the Americans with Disabilities Act, 42 U.S.C. § 12101, et. seq.;

   b) For violation of the Americans with Disabilities Act, grant compensatory damages in favor of Plaintiff as against the employer, in an amount yet to be ascertained;

c)  For Curry's intentional acts on behalf of the employer which violated the Americans with Disabilities Act, grant punitive damages in favor of Plaintiff as against the employer, in an amount yet to be ascertained;

d)  Grant Plaintiff such equitable relief as would effectuate the purpose of the statutes invoked, including as against the employer, reinstatement to the authority, responsibility, terms, conditions, and privileges of her employment as it existed prior to the acts herein complained of;

e)  Grant Plaintiff the cost of this action including reasonable attorneys' fees;

f)  Grant such other, further and different relief as this Court may deem just and proper, including all equitable relief, the awarding of which is within the jurisdiction of the Court.

RESPECTFULLY SUBMITTED this _30_ day of _August_, 2007.

_____
Andy Nelms
Attorney for Plaintiff
Law Offices of Jay Lewis, LLC
847 So. McDonough Street, Suite 100
Montgomery, Alabama, 36104
334-263-7733 (voice)
334-263-7733 (fax)
Andynelms@JayLewisLaw.com
ASB-6972-E63K

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000273
Cashier ID: khaynes
Transaction Date: 08/31/2007
Payer Name: ANDERSON NELMS AND ASSOC LLC
------------------------------------
CIVIL FILING FEE
  For: ANDERSON NELMS AND ASSOC LLC
  Case/Party: D-ALM-2-07-CV-000790-001
  Amount:        $350.00
------------------------------------
CHECK
  Check/Money Order Num: 1097
  Amt Tendered: $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

2:07-CV-790-MHT


LINDA BEARD V. COLDWATER CREEK,
INC.
```