IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **LINDA BEARD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NO.:** |
| **v.** ) | |
| ) | **2:07-CV-790-MNT** |
| **COLDWATER CREEK, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Coldwater Creek, Inc., ("Defendant") answers Plaintiff's Complaint as follows:

### JURISDICTION AND VENUE

1. Defendant admits that Plaintiff brings this suit pursuant to 42 U.S.C. § 12101, et seq., 28 U.S.C. § 1331, and 28 U.S.C. §§ 2201, 2202, and 1337, and admits that the court has jurisdiction over this case, but, denies that Plaintiff is entitled to any relief under said statutes.

2. Defendant admits Plaintiff alleges the violations in this Complaint took place in Montgomery County, Alabama and were allegedly committed within the Northern Division of the Middle District of Alabama, but denies that any such violations were committed by Defendant and demands strict proof thereof.

### PARTIES

3. Defendant admits that Plaintiff is over the age of 19 and a citizen of the U.S., but is without sufficient information to admit or deny the information regarding Plaintiff's residence.

4. Defendant is a Delaware Corporation and not an Idaho Corporation. Defendant admits that it is doing business in Montgomery, Alabama and is an employer under the ADA, but denies that it violated any part of the Act.

## NATURE OF PROCEEDINGS

5. Defendant admits this is a proceeding for a judgment declaring the relative rights, responsibilities and liabilities of the parties and for injunctive and declaratory relief and compensatory and punitive damages but denies that Plaintiff is entitled to any such relief.

## FACTS

6. Defendant adopts and incorporates its responses to paragraphs 1-5 as if set forth fully herein.

7. Defendant has insufficient information to either admit or deny this allegation.

8. Admitted.

9. Defendant admits Plaintiff worked under Kim Curry, Store Manager of its Montgomery, Alabama location, but, denies the remaining allegations set forth in this paragraph and demands strict proof thereof.

10. Defendant is uncertain what Plaintiff means when she alleges that "Curry is a member of upper management . . ." and denies this allegation. Defendant denies that Curry had authority to hire, fire or discipline employees without specific approval from the District Manager. Defendant admits that Kim Curry had the authority to schedule work hours and control the work of store employees.

11. Admitted.

12. Defendant admits it received a letter from Plaintiff's physician which described Plaintiff's physical work limitations but denies the remaining allegations set forth in this paragraph and demands strict proof thereof.

13. Defendant denies the allegations set forth in paragraph 13 of the Complaint and demands strict proof thereof.

14. Defendant does not have sufficient information to either admit or deny this allegation.

15. Defendant denies the allegations set forth in paragraph 15 of the Complaint and demands strict proof thereof.

16. Defendant has insufficient information to either admit or deny that she was undergoing surgery for breast cancer. Upon information and belief, plaintiff told her co-workers that she was receiving radiation.

17. Defendant admits that plaintiff was placed on notice that she needed to arrive to work on time and that her failure to do so would prompt a warning.

18. Defendant denies that it failed to accommodate plaintiff, and demands strict proof thereof.

19. Defendant denies the allegations set forth in paragraph 19 of the Complaint and demands strict proof thereof.

20. Defendant admits that Plaintiff was discharged on August 29, 2006 but denies the remaining allegations set forth in paragraph 20 of the Complaint and demands strict proof thereof.

21. Defendant admits Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and received a notice of Right to Sue in relation

to said Charge but denies the remaining allegations set forth in this paragraph and demands strict proof thereof.

22. Defendant denies the allegations set forth in paragraph 22 of the Complaint and demands strict proof thereof.

## CAUSES OF ACTION

23. Defendant adopts and incorporates its responses to paragraphs 1-23 as if set forth fully herein.

## COUNT I – REASONABLE ACCOMODATION VIOLATIONS
### Americans with Disabilities Act – 42 U.S.C.

24. Defendant denies the allegations set forth in paragraph 24 of the Complaint and demands strict proof thereof.

25. Defendant denies the allegations set forth in paragraph 25 of the Complaint and demands strict proof thereof.

26. Defendant denies the allegations set forth in paragraph 26 of the Complaint and demands strict proof thereof.

27. Defendant denies the allegations set forth in paragraph 27 of the Complaint and demands strict proof thereof.

28. Defendant denies the allegations set forth in paragraph 28 of the Complaint and demands strict proof thereof.

29. Defendant denies the allegations set forth in paragraph 29 of the Complaint and demands strict proof thereof.

30. Defendant denies the allegations set forth in paragraph 30 of the Complaint and demands strict proof thereof.

### COUNT II – DISPARATE TREATMENT VIOLATIONS
### Americans with Disabilities Act – 42 U.S.C. § 12101, et seq.

31.	Defendant adopts and incorporates its responses to paragraphs 1-30 as if set forth fully herein.

32.	Defendant denies the allegations set forth in paragraph 32 of the Complaint and demands strict proof thereof.

### PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief set forth in this un-numbered paragraph and specifically in subparagraphs a-f.

### AFFIRMATIVE DEFENSES

#### First Defense

Except to the extent expressly admitted herein, the allegations of the Complaint are denied.

#### Second Defense

Defendant denies Plaintiff is entitled to any relief whatsoever.

#### Third Defense

The Complaint, and alternatively, portions thereof, fails to state a claim upon which relief can be granted, and any and all claims against Defendant are due to be dismissed.

#### Fourth Defense

Plaintiff's claims, or parts thereof, are barred by the statute of limitations.

#### Fifth Defense

Plaintiff's damages are limited to the extent that she has failed or refused to mitigate her damages.

### Sixth Defense

Defendant affirmatively has made a good faith effort to comply with all federal laws.

### Seventh Defense

This action is not maintainable under the ADA with respect to any event or alleged event occurring more than 180 days prior to the filing of the EEOC charge upon which this action is based.

### Eighth Defense

Any and all claims and allegations against this Defendant not asserted and encompassed within a timely filed EEOC Charge of Discrimination are not maintainable in this action.

### Ninth Defense

Plaintiff's claims against Defendant are not actionable under ADA unless and until Plaintiff establishes that she has fulfilled the statutory prerequisites.

### Tenth Defense

Plaintiff's Complaint fails to state a claim upon which punitive damages can be recovered.

### Eleventh Defense

Any award of punitive damages in this case would violate Defendant's rights under the substantive and procedural due process clauses of the United States Constitution and of the Constitution of the State of Alabama; the excessive fines clauses of the Eighth Amendment to the United States Constitution; the contract clause of

Article Two of the United States Constitution; and the equal protection clause of the United States Constitution.

### Twelfth Defense

Defendant adopts and incorporates all defenses made available under Alabama statutory and common law relating to limitations on punitive damages.

### Thirteenth Defense

Plaintiff's damages, if any, would be limited based upon the doctrine of after-acquired evidence.

### Fourteenth Defense

Even if Plaintiff could prove intentional discrimination based on a disability, Defendant will demonstrate that it would have taken the same action in the absence of discrimination.

### Fifteenth Defense

Plaintiff's claim is barred by the doctrine of waiver and/or estoppel.

### Sixteenth Defense

To the extent that Plaintiff filed this action more than ninety (90) days after receipt of her EEOC Determination and Right to Sue letter, Plaintiff's ADA claims are barred by her failure to file a timely suit, a necessary condition precedent to suit.

### Seventeenth Defense

To the extent that Plaintiff's Complaint challenges employment decisions affecting her, such decisions were made on the basis of legitimate, non-discriminatory factors and not Plaintiff's perceived disability.

        s/ Fern H. Singer
        FERN H. SINGER
        Attorney for Defendant

**OF COUNSEL**:
BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, P.C.
420 North 20th Street, Suite 1600
Birmingham, Alabama 35203
(205) 328-0480 - Phone
(205) 488-3801 - Fax

## CERTIFICATE OF SERVICE

    I certify that the foregoing has been served upon the following counsel of record via electronic filing by depositing a copy thereof in the United States mail, properly addressed and postage prepaid, this 9th day of October 2007.

    Andy Nelms. Esquire
    LAW OFFICES OF JAY LEWIS, LLC
    847 South McDonough Street, Ste 100
    Montgomery, Alabama 36104

        s/ Fern H. Singer
        Of Counsel